UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BEREKET KAHSAI,<br><br>Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br>*Postmaster General*, *U.S. Postal Service*,<br><br>Defendant. | No. 20-1060 (JRT/ECW)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

Bereket Kahsai, 4037 Forty-Second Avenue South, Minneapolis, MN 55406, *pro se.*

Plaintiff Bereket Kahsai filed a Complaint alleging violations of Title VII and the Minnesota Human Rights Act. (Compl. ¶ 1, May 1, 2020, Docket No. 1.) Kahsai claims that his employer, United States Postal Service ("USPS"), engaged in unlawful employment practices, including discriminating against him on the basis of race and national origin and retaliating against him because of his reports of discrimination. (Compl. ¶¶ 39–59.)

Kahsai requested that the Clerk of Court enter default against Megan J. Brennan, former Postmaster General of the United States Postal Service. (App. Entry of Default, July 17, 2020, Docket No. 5.) The Clerk denied this request, (1st Clerk's Off. Ltr., July 22, 2020, Docket No. 6), and Kahsai asked the Clerk to explain why default would not be

entered, (Req. to Clerk, July 28, 2020, Docket No. 7.) The Clerk responded, referring Kahsai to Federal Rules of Civil Procedure 4 and 55, and 28 U.S.C. § 3901[1] for further information about the requirements for the entry of default. (2nd Clerk's Off. Ltr, July 31, 2020, Docket No. 8.) Kahsai has now filed a Motion for Review and Reconsideration of the denial of default judgment and, in the alternative, requesting entry of summary judgment based on his allegations. (Mot. Review & Reconsid. at 1–2, Oct. 28, 2020, Docket No. 9).

Section 3901 of Title 28 of the United States Code provides that in an action brought by an employee against their government agency employer, "the defendant shall be the employing office alleged to have committed the violation involved." 28 U.S.C. § 3901(a). To properly serve a complaint when the defendant is the United States, an officer, or an agency, Rule 4 requires that the plaintiff "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Serving the United States requires, among other things, delivering a copy of the summons and complaint to the United States attorney for the district where the action is brought. *See* Fed. R. Civ. P. 4(i)(1).

---

[1] The Clerk's letter directed Kahsai to 50 U.S.C. § 3901, but the Court interprets the Clerk's letter as intending to direct Kahsai to 28 U.S.C. § 3901(a).

When a defendant fails to plead or defend an action, default judgment will only be entered if the failure to plead or defend is shown by affidavit. Fed. R. Civ. P. 55(a). Additionally, even if a complaint is properly served and failure to defend is shown by affidavit, pursuant to Rule 55, "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

Plaintiff Kahsai has failed to name the proper defendant in this action and has neither filed proof of service on the United States in accordance with Rule 4(i) as described above, nor provided an affidavit showing USPS's failure to defend. Therefore, the Clerk correctly declined to enter a default judgment, and the Court will deny Kahsai's Motion for Reconsideration.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration [Docket No. 9] is **DENIED**.

DATED: February 3, 2021  
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM  
                                                  Chief Judge  
                                    United States District Court