UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BEREKET KAHSAI,  Plaintiff, | Civil No. 20-1060 (JRT/ECW) |
| v.  LOUIS DEJOY,  *U.S. Postmaster General*  Defendant. | **MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

---

Bereket Kahsai, 4037 Forty-Second Avenue South, Minneapolis, MN, 55406, *pro se* plaintiff.

Liles H. Repp, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Minneapolis, MN, 55415, for defendant.

Plaintiff Bereket Kahsai brings this action against the Postmaster General alleging that his employer, the United States Postal Service ("USPS"), discriminated against him in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Minnesota Human Rights Act ("MHRA"). The Postmaster General moved to dismiss the claims as time barred and for failure to state a claim. The Court will deny the motion as to Kahsai's claims of racial and national origin discrimination because it is not clear from the face of the complaint that they are time barred. The Court will dismiss Kahsai's Title VII retaliation claim and his ADA claims because Kahsai has not exhausted his administrative remedies as to those claims. Additionally, the Court will dismiss

Kahsai's MHRA claims because the Civil Rights Act of 1964 and the Rehabilitation Act provide the exclusive remedies to Kahsai's claims.

## BACKGROUND

### I. FACTUAL BACKGROUND

Kahsai, a Black man of Eritrean national origin, has been employed by the United States Postal Service since 1998. (2nd Am. Compl. ¶¶ 11, 14, July 8, 2021, Docket No. 20.) From approximately May to August 2016, Kahsai allegedly experienced discriminatory treatment from his supervisors at USPS based on his appearance, race, and national origin. (*Id.* ¶¶ 15–16, 19, 22–32.) Kahsai states that he has been denied promotions and advancement, while other non-Black and non-East African employees advanced in their careers. (*Id.* ¶¶ 16, 22.)

On July 16, 2016, Kahsai received two Letters of Warning ("LOWs") from his employer for "Failure to Follow Instructions" and "Failure to Perform the Duties of the Position." (*Id.* ¶ 28.) He claims that after receiving these LOWs, he "suffered increased discrimination and retaliation" and was found ineligible for a career advancement program within USPS. (*Id.* ¶¶ 30–32, 37.) As a result, Kahsai contends that he was "forc[ed] to transfer to a less desirable shift . . . and was demoted." (*Id.* ¶ 40.) On August 15, 2016, Kahsai appealed these LOWs. (*Id.* ¶ 32.) One LOW was reduced from a LOW to an official discussion, and the other was scheduled to be expunged from his record. (*Id.* ¶¶ 32–34.)

On October 11, 2016, Kahsai filed a formal discrimination complaint against USPS with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 36.) He alleged that USPS discriminated against him on the basis of race, color, and national origin. (Declaration of Liles H. Repp ("Repp Decl."), Ex. A, Sept. 20, 2021, Docket No. 28.) On May 8, 2019, an EEOC Administrative Judge granted summary judgment to USPS. (*See* Repp Decl., Ex. C.) On May 16, 2019, the USPS implemented this decision through a Notice of Final Action ("NOFA"), which concluded that Kahsai had not shown he was the victim of illegal discrimination. (*See* Repp Decl., Ex. D ("NOFA")).[1] The NOFA stated that if Kahsai was dissatisfied with the final decision, he could "file a civil action in the appropriate U.S. District Court within 90 calendar days of [his] receipt of the Postal Service's final decision[.]" (NOFA at 2.) However, the Amended Complaint does not indicate that Kahsai received the NOFA, and he now argues that he did not. (Mem. Opp. Mot. Dismiss at 6, Oct. 12, 2021, Docket No. 41.)

## II.   PROCEDURAL BACKGROUND

Kahsai initially filed suit on August 6, 2019. (*See Kahsai v. Brennan*, No. 19-2128.) The suit was dismissed for failure to prosecute after Kahsai failed to properly serve the named Defendants. (*See id.* at Docket Nos. 16, 17.) Kahsai filed a new lawsuit on May 1, 2020. (Compl., May 1, 2020, Docket No. 1.) On July 8, 2021 Kahsai filed the Second

---

[1] The Court can consider the NOFA as it is a public record and not contradicted by the Amended Complaint. *Noble Systems Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

Amended Complaint, alleging three categories of claims. First, he alleges race and national origin discrimination as he alleged in his official complaint to the EEOC ("EEOC claims"). (2nd Am. Compl. ¶¶ 47–58.) Next, he alleges retaliation under Title VII of the 1964 Civil Rights Act, and disability discrimination and failure to promote under the Americans with Disabilities Act ("ADA"). (*Id.* ¶¶ 59–77.) Finally, he alleges race-based discrimination and disability discrimination in violation of the Minnesota Human Rights Act ("MHRA"). (*Id.* ¶¶ 78–89.) The Postmaster General moved to dismiss the Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. (Def.'s Mot. to Dismiss, Sept. 20, 2021, Docket No. 25.)

## DISCUSSION

### I.  STANDARD OF REVIEW

In reviewing a motion to dismiss brought under Rule 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint "states a 'claim to relief that is plausible on its face.'" *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In reviewing a motion to dismiss, the Court may consider the allegations in the complaint as well as "public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Noble Systems Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir. 2008).

"A motion to dismiss pursuant to 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). In this facial Rule 12(b)(1) attack, the Court "restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(1)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citation omitted). "The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*. (cleaned up).

Pleadings submitted by pro se litigants are to be liberally construed and are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.     ANALYSIS**

    **A.     EEOC Claims**

EEOC regulations for Title VII provide plaintiffs the opportunity to file a civil action in an appropriate federal court "within 90 days of the receipt of the agency final action." 29 C.F.R. § 1614.407(a). "[F]ailure to file suit within 90 days of **receiving a notice** of final agency action renders a plaintiff's . . . action untimely." *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589 (8th Cir. 2003) (emphasis added) (citing 29 C.F.R. § 1614.407(a)). If

agency action is not taken, a plaintiff may file suit in federal court after 180 days have passed from the date of filing the agency complaint.  29 C.F.R. § 1614.407(b).

The Defendant contends that Plaintiff's EEOC claims are untimely.  The Court may grant dismissal under Rule 12(b)(6) where it appears from the face of the complaint that the statute of limitations period has expired.  *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

The NOFA was issued on May 16, 2019.  Plaintiff filed his first lawsuit on August 6, 2019, in compliance with the statute's 90-day filing requirement.  That suit was subsequently dismissed on March 31, 2020 for failure to prosecute.  Plaintiff then filed this lawsuit on May 1, 2020.  Plaintiff's second suit was filed nearly a year after his NOFA was issued.  However, it is not clear from the face of the Amended Complaint that Plaintiff received the NOFA.[2]  As a result, the Court will deny the Defendant's Motion to Dismiss the Plaintiff's EEOC claims as untimely.

---

[2] The Defendant argues that the Court should presume that the Plaintiff received the NOFA.  However, the authority the Defendant cites is neither binding on this Court nor applicable to this situation.  In an unpublished opinion the Eighth Circuit held that it was appropriate for the district court to presume that the plaintiff received notice 5 days after the notice was mailed. *Frazier v. Vilsack*, 419 F. App'x 686, 689 (8th Cir. 2011).  However, the plaintiff there admitted that he received notice; the only issue was when he received it. *Id.*  Defendants also cite to a district court case; however, in that case the court was considering a motion for summary judgment, not a motion to dismiss.  *Harris v. Brennan*, No. 19-225 2021 U.S. Dist. Lexis 77166, at *10 (E.D. Mo., April 21, 2021).

### B. Retaliation and Disability Claims

Federal employees must fully exhaust administrative remedies before bringing discrimination claims to federal court. *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003). This requires that the employee initiate contact with an Equal Employment Opportunity counselor "within 45 days of the date of the matter alleged to be discriminatory" or of the effective date of the alleged personnel action. 29 C.F.R. § 1614.105(a)(1). This exhaustion requirement applies to each discrete discrimination claim: "the complainant must file a charge with respect to each alleged unlawful employment practice." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012).

Plaintiff raises new discrimination claims—retaliation under Title VII and disability discrimination under the ADA—for the first time in his Amended Complaint. Plaintiff's EEOC complaint only alleges discrimination on the basis of race, color, and national origin—not retaliation or disability discrimination. Nor does his EEOC complaint reference failure to promote. Plaintiff failed to exhaust his administrative remedies on these claims. Accordingly, they must be dismissed.

### C. MHRA Claims

Finally, the Court will dismiss Plaintiff's MHRA claims because they are precluded by federal statutes. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see, e.g., Kienlen v. Merit Sys. Prot. Bd.*, 687 F. Supp. 461, 462 (D. Minn. 1988)

(granting dismissal of MHRA claim by a postal worker as "precluded by" the Civil Rights and Rehabilitation Act, which provide "exclusive judicial remed[ies]" for claims of discrimination in federal employment). Additionally, the Rehabilitation Act provides the exclusive judicial remedy for claims of disability-based discrimination made by federal employees. *Gardner v. Morris*, 752 F.2d 1271, 1277 (8th Cir. 1985). As a result, the Court will dismiss the Plaintiff's MHRA claims.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 25] is **GRANTED IN PART AND DENIED IN PART** as follows:

    1. **GRANTED** as to the Plaintiff's Retaliation Claim, ADA Claims, and MHRA Claims; and

    2. **DENIED** as to Plaintiff's Race and National Origin discrimination claims.

DATED: April 25, 2022  
at Minneapolis, Minnesota.

                                             JOHN R. TUNHEIM  
                                              Chief Judge  
                                        United States District Court