# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bereket Kahsai., | Case. No. 20-cv-1060 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Louis DeJoy, *Postmaster General, U.S. Postal Service* | |
| Defendants. | |

## INTRODUCTION

This matter is before the Court on Defendant Louis DeJoy's Motion to Amend Scheduling Order and Stay Discovery ("Defendant's Motion") (ECF No. 83) and Plaintiff Bereket Kahsai's Motion to Compel Discovery ("Plaintiff's Motion") (ECF No. 88). For the reasons set forth below, the Court grants Defendant's Motion and denies Plaintiff's Motion.

## BACKGROUND

Plaintiff filed a complaint in this matter on May 1, 2020 (ECF No. 1), and an amended complaint on July 8, 2021 ("Amended Complaint") (ECF No. 20). Plaintiff's Amended Complaint alleged three types of claims: (1) race and national origin claims, as Plaintiff alleged in a 2016 formal complaint with the Equal Employment opportunity Commission ("EEOC Claims") (ECF No. 20 ¶¶ 47-58); (2) retaliation under Title VII of the 1964 Civil Rights Act, and disability discrimination and failure to promote under the Americans with Disabilities Act (*id.* ¶¶ 59–77); and (3) race-based discrimination and disability discrimination in violation of the Minnesota Human Rights Act ("MHRA") (*id.* ¶¶ 78–89). On September 20, 2021, Defendant moved to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim.

(*See* ECF. No. 25.)  On April 25, 2022, the Court granted in part and denied in part Defendant's motion insofar as it dismissed all but Plaintiff's EEOC claims, in part because it could not determine whether Plaintiff's EEOC claims were untimely.  (*See* ECF No. 48.)

On December 7, 2022, the Court entered a Pretrial Scheduling Order that divided discovery into two phases:  the first to address whether Plaintiff's EEOC claims were timely ("Phase One"); and the second to address the merits of those claims ("Phase Two").  (*See* ECF No. 73 at 1.)  The Phase One discovery deadline was March 7, 2023, and the Phase Two deadline is October 6, 2023.  (*Id.* at 1-2.)  Dispositive motions are currently due in April 2024, and the trial ready date is July 26, 2024. (*Id.* at 7-8.)

Based on Plaintiff's responses to its Phase One discovery requests, Defendant intends to move for summary judgment on Plaintiff's EEOC claims on the grounds that they are untimely. (ECF No. 84 at 1-2.)  Defendant asks the Court to amend the Pretrial Scheduling Order to allow for an early summary judgment motion, and to stay Phase Two discovery.  (ECF No. 83.)  Plaintiff did not file a response to Defendant's motion but instead filed a motion to compel responses to discovery requests that he served in December 2022.  (ECF No. 88.)  Defendant states that he did not respond to Plaintiff's discovery requests because they are entirely merits-based, and therefore, premature under the phased discovery plan set forth in the Pretrial Scheduling Order.  (*See* ECF No. 89.)

## DISCUSSION

The Court first considers Plaintiff's Motion to compel discovery responses.  Having reviewed the discovery requests at issue (*see* ECF Nos. 90-1, 90-2 and 90-3), the Court finds the requests relate to the merits of the case and not the timeliness issue.  The Pretrial Scheduling Order explicitly contemplated that merits-based discovery would be delayed until Phase Two, which did not

commence until after the close of Phase One discovery on March 7, 2023. It is therefore premature for Plaintiff to demand responses to his discovery requests, and the Court accordingly denies Plaintiff's Motion.

The Court next considers Defendant's Motion for leave to file an early summary judgment motion and to stay discovery. "Generally, courts discourage piecemeal motions for summary judgment." *Brand Advantage Group Inc. v. Henshaw*, Civ. No. 20-225 (JRT/HB), 2020 WL 5097107, at *3 (D. Minn. April 28, 2020). However, an early summary judgment motion may be appropriate when it serves judicial efficiency. *Id.; see also*, *Heggs v. Hirsch*, 2022 WL 3648670, at *1 (D. Minn. July 7, 2022) (recommending dismissal of all claims based on early summary judgment motion); *Bailey v. Centurion Med. Co. Corp.,* 2022 WL 2289126, at *4 (D. Minn. Apr. 20, 2022) (same).

The Court finds no prejudice to Plaintiff in granting Defendant leave to file an early summary judgment motion, while the motion, if granted, could potentially avoid a significant, expensive and likely contentious discovery process. The Court thus finds amending the Pretrial Scheduling Order to permit an early summary judgment motion on the issue of timeliness will promote judicial efficiency by "secur[ing] the just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. Moreover, because summary judgment may resolve all pending claims in this matter, the Court finds that the interests of judicial economy are best served by staying Phase Two discovery until after Defendant's early summary judgment motion is decided. If Defendant's summary judgment motion is denied, the Court will lift the stay and Defendant's responses to Plaintiff's December 2022 requests for discovery will be due thirty days after the stay is lifted. The Court therefore denies Plaintiff's Motion without prejudice. Plaintiff may bring another motion to compel if Defendant does not respond to his December 2022 discovery requests within 30 days after the stay is lifted.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Defendant Louis DeJoy's Motion to Amend Scheduling Order and Stay Discovery (ECF No. [83]) is **GRANTED**.

2. The Court grants Defendant leave to file a dispositive motion on or before **April 14, 2023**, addressing only the issue of whether Plaintiff's claims in this case are untimely;

3. All discovery and interim deadlines in this matter are stayed until further Order of the Court. The parties are directed to file a joint notice on ECF within **one week** after an order resolving Defendant's summary judgment motion is filed, stating each party's position on whether the Pretrial Scheduling Order should be amended in light of the stay, and if so, proposing new deadlines;

4. Plaintiff Bereket Kahsai's Motion to Compel Discovery (ECF No. [88]) is **DENIED** without prejudice. Plaintiff may bring another motion to compel if Defendant's motion for summary judgment is denied and Defendant does not respond to his December 2022 discovery requests within **thirty days** after the Court lifts the stay in this matter.

Dated: March 22, 2023        *s/ Dulce J. Foster*
                             DULCE J. FOSTER
                             United States Magistrate Judge