UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BEREKET KAHSAI,

                Plaintiff,

v.

LOUIS DEJOY,
*U.S. Postmaster General*

                Defendant.

Civil No. 20-1060 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Bereket Kahsai, 4037 42nd Avenue South, Minneapolis, MN 55406, *pro se* Plaintiff, and Heather Gilbert, **GILBERT LAW, PLLC**, 4856 Banning Avenue, St. Paul, MN 55110, for Plaintiff.

Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Plaintiff Bereket Kahsai, an employee of the United States Postal Service ("USPS"), brings this action against Postmaster General Louis Dejoy, alleging that USPS discriminated against him in violation of Title VII of the Civil Rights Act of 1964, among other statutes. The Court previously dismissed some of Kahsai's claims and divided discovery into two phases: the first to address whether Kahsai's Equal Employment Opportunity Commission ("EEOC") claims were timely, and the second to address the merits of those claims. The Postmaster General now moves for summary judgment on the timeliness of Kahsai's EEOC claims following the first stage of discovery. Because

Kahsai's EEOC claims are untimely and no tolling doctrine applies, the Court will grant the Postmaster General's Motion for Summary Judgment and dismiss the action.

## BACKGROUND

### I.   FACTS

Kahsai, a Black man of Eritrean national origin, has worked for USPS since 1998. (2nd Am. Compl. ¶¶ 11, 14, July 8, 2021, Docket No. 20.)  From approximately May to August 2016, Kahsai alleges that his supervisors at USPS discriminated against him based on his appearance, race, and national origin.  (*Id.* ¶¶ 15–16, 19, 22–32.)  Kahsai states that he was denied promotions and advancement, while other non-Black and non-East African employees advanced in their careers.  (*Id.* ¶¶ 16, 22.)

On July 16, 2016, Kahsai received two Letters of Warning ("LOWs") from USPS for "Failure to Follow Instructions" and "Failure to Perform the Duties of the Position."  (*Id.* ¶ 28.)  He claims that after receiving these LOWs, he "suffered increased discrimination and retaliation" and was found ineligible for a career advancement program within USPS.  (*Id.* ¶¶ 30–32, 37.)  Kahsai contends that he was "forc[ed] to transfer to a less desirable shift . . . and was demoted" after disputing the LOWs.  (*Id.* ¶ 40.)  Kahsai appealed these LOWs the following month.  (*Id.* ¶ 32.)  One LOW was reduced from a LOW to an official discussion, and the other was scheduled to be expunged from his record.  (*Id.* ¶¶ 32–34.)

Kahsai filed a formal discrimination complaint against USPS with the EEOC a few months later.  (*Id.* ¶ 36.)  He alleged that USPS discriminated against him based on race, color, and national origin.  (Decl. of Liles H. Repp ("Repp Decl."), Ex. A, Sept. 20, 2021,

-2-

Docket No. 28.) About two and half years after Kahsai filed his complaint, on May 8, 2019, an EEOC Administrative Judge granted summary judgment to USPS. (*See* Repp. Decl., Ex. C.) On May 16, 2019, USPS implemented that decision through a Notice of Final Action ("NOFA"), which concluded that Kahsai had not shown that he was the victim of illegal discrimination. (*See* Repp Decl., Ex. D ("NOFA")). The NOFA stated that if Kahsai was dissatisfied with the final decision, he could "file a civil action in the appropriate U.S. District Court within 90 calendar days of [his] receipt of the Postal Service's final decision . . . ." (NOFA at 2.)

Kahsai claims that he did not receive the NOFA. (Mem. Opp. Mot. Dismiss at 6, Oct. 12, 2021, Docket No. 41; Pl.'s Mem. Opp. Def.'s Mot. Summ. J. at 8, Apr. 21, 2023, Docket No. 101.) However, the NOFA was mailed to Kahsai with USPS tracking number 9114 9014 9645 1886 0628 55 on May 16, 2019, and USPS's delivery tracking system shows that the NOFA was delivered to Kahsai's mailing address on May 20, 2019. (Decl. of Brian Ofstad ¶¶ 14–15, Ex. F, Apr. 14, 2023, Docket No. 98; Decl. of Trevor Brown ("Brown Decl.") Ex. A, at 2, Apr. 14, 2023, Docket No. 97.) Moreover, on June 17, 2019, Kahsai emailed the Administrative Judge to request a copy of the summary judgment decision. (*See* Brown Decl., Ex. B at 8–9.) Kahsai referred to the NOFA in that email, writing that, "It has come to my knowledge **from the Note of Final Action** that on May 8, 2019, Administrative Judge Michael J. Rhoades of the [EEOC] issued a decision in the

afore-titled case, and based on that decision Agency made the final decision . . . ." (*See* Brown Decl., Ex. B at 8 (emphasis added).)

Kahsai also admitted during discovery that he received the NOFA by mail. (Brown Decl. ¶¶ 3–5, Exs. A at 2, B at 3, C at 2.) In response to the Postmaster General's interrogatory asking when and how Kahsai received the NOFA, Kahsai replied that he first received the decision "by mail from the Defendant prepared by Gwendolyn E. Murray on May 16, 2019. USPS tracking #9114901496451886062855." (Brown Decl. ¶ 3, Ex. A.) Kahsai separately admitted that he first received the NOFA on or before June 17, 2019. (*See* Brown Decl. ¶ 5, Ex. C.) Kahsai also produced a copy of the NOFA, on which he had handwritten, "I received on mail." (*See* Brown Decl. ¶ 4, Ex. B at 3.) Furthermore, Kahsai seems to admit that he received the NOFA by mail in his memoranda to the Court. (*See* Pl.'s Mem. Opp. Def.'s Mot. Summ. J. at 3, Apr. 21, 2023, Docket No. 101; Pl.'s Mem. Opp. Def.'s Mot. Summ. J. at 2, May 9, 2023, Docket No. 104.)

II.   **PROCEDURAL HISTORY**

Kahsai filed an initial action on August 6, 2019. *See* Compl., *Kahsai v. Brennan*, No. 19-2128 (D. Minn. Aug. 6, 2019), Docket No. 1. That action was dismissed for failure to prosecute after Kahsai repeatedly failed to properly serve the named defendants. *Id.*, Docket No. 16; *see also id.*, Docket Nos. 6, 9, 10 (explaining to Kahsai that service was required).

Kahsai filed a Complaint in this matter on April 30, 2020. (Compl. at 1, 11, May 1, 2020, Docket No. 1.) Kahsai later filed a Second Amended Complaint alleging four

categories of claims: (1) race and national origin claims, as alleged in Kahsai's 2016 EEOC complaint ("EEOC Claims") (2nd Am. Compl. ¶¶ 47-58, July 8, 2021, Docket No. 20); (2) retaliation under Title VII of the 1964 Civil Rights Act; (3) disability discrimination and failure to promote under the Americans with Disabilities Act (*id.* ¶¶ 59–77); and (4) race-based discrimination and disability discrimination in violation of the Minnesota Human Rights Act ("MHRA") (*id.* ¶¶ 78–89).

The Postmaster General moved to dismiss Kahsai's Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. (Def.'s Mot. Dismiss, Sept. 20, 2021, Docket No. 25.) The Court granted in part and denied in part the Postmaster General's motion. The Court dismissed all but Kahsai's claims that had been brought to the EEOC, leaving undecided whether Kahsai's EEOC claims were untimely because the record did not establish whether Kahsai received the NOFA. (*See* Mem. Op. and Order at 1–2, Apr. 25, 2022, Docket No. 48.)

The Magistrate Judge then entered a Pretrial Scheduling Order that divided discovery into two phases: the first to address whether Kahsai's EEOC claims were timely ("Phase One"); and the second to address the merits of those claims ("Phase Two"). (*See* Pretrial Scheduling Order at 1, Dec. 7, 2022, Docket No. 73.)

At the conclusion of Phase One, the Magistrate Judge granted the Postmaster General's request to file an early motion for summary judgment on the issue of timeliness. (Order Granting Def.'s Mot. Amend Scheduling Order at 4, Mar. 22, 2023, Docket No. 91.)

The Postmaster General now moves for summary judgment because Kahsai's claims are untimely. (Br. Supp. Def.'s Mot. Summ. J., Apr. 14, 2023, Docket No. 96.)

## DISCUSSION

### I. STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Banford v. Bd. of Regents of Univ. of Minn.*, 43 F.4th 896, 899 (8th Cir. 2022); Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the lawsuit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party—in this case, Kahsai. *Schottel v. Nebraska State Coll. Sys.*, 42 F.4th 976, 981 (8th Cir. 2022). The Court must also liberally construe Kahsai's pro se claims. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from failing to comply with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine

-6-

issue [of material fact] for trial." *Davenport v. Univ. of Ark. Bd. of Trs.*, 553 F.3d 1110, 1113 (8th Cir. 2009) (citing *Anderson*, 477 U.S. at 247–49).

## II. TIMELINESS OF PLAINTIFF'S CLAIMS

The Postmaster General argues that Kahsai's EEOC claims are untimely.[1] The issue of the timeliness of Kahsai's claims depends on whether Kahsai received the NOFA.

A plaintiff must commence any civil action under Title VII in federal court within 90 days of the plaintiff's receipt of notice of final action by an agency. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a). The limitations period beings to run as soon as the plaintiff receives the notice. 42 U.S.C. § 2000e-16(c). An action that is filed more than 90 days after the plaintiff receives notice of the final agency action is untimely and must be dismissed. *Hallgren v. U.S. Dep't of Energy*, 331 F.3d 588, 589 (8th Cir. 2003) (citing 29 C.F.R. § 1614.407(a)).

Here, it is undisputed that USPS issued the NOFA on May 16, 2019, and that the NOFA clearly required Kahsai to file a civil action in federal court within 90 calendar days of its receipt. It is also uncontested that Kahsai filed this action on April 30, 2020, nearly one year after the NOFA was issued. The timeliness of Kahsai's claims thus turns on whether Kahsai received the NOFA.

---

[1] The Court will not address the merits of Kahsai's EEOC claims in this order. Instead, the Court's analysis will focus solely on the timeliness of Kahsai's EEOC claims, which is the only issue ripe for analysis at this time.

Kahsai argues that he did not receive the NOFA. But Kahsai's answers to the Postmaster General's discovery requests and his earlier memoranda to the Court all suggest otherwise. Moreover, USPS's delivery tracking system shows that the NOFA was delivered to Kahsai's mailing address on May 20, 2019. Kahsai also sent an email to the Administrative Judge on June 17, 2019 in which he references the NOFA. A reasonable jury would thus find that, at the very latest, Kahsai received the NOFA by June 17, 2019.

Accordingly, the Court finds that the undisputed evidence shows that Kahsai received the NOFA by June 17, 2019, at the latest. Kahsai's recent claims that he never received the NOFA do not establish "a genuine issue for trial"; after all, a "mere allegation" absent "specific facts" cannot survive a motion for summary judgment. *Anderson*, 477 U.S. at 256. Kahsai's answers to the Postmaster General's discovery requests, email to the Administrative Judge, and USPS's delivery tracking report all indicate that Kahsai received the NOFA by June 17, 2019, at the latest. Accordingly, the last possible day for Kahsai to file a civil lawsuit for this matter was September 17, 2019.

Kahsai's first civil action, filed on August 6, 2019, complied with Title VII's 90-day filing requirement. But that action was subsequently dismissed without prejudice for failure to prosecute.[2] The Eighth Circuit has held that a dismissal without prejudice does

---

[2] The Court acknowledges that Kahsai's two actions involve identical causes of actions and seek the same relief. Nonetheless, they are separate, distinct actions. This means that they are not the same lawsuit, so the filing date of the first action filed on August 6, 2019 does not apply to the present action.

not toll a statute of limitation. *See Garfield v. J.C. Nichols Real Est.*, 57 F.3d 662, 666 (8th Cir. 1995). In fact, "[o]nce a dismissal without prejudice is entered and the pending suit is dismissed, it is as if no suit had ever been filed." *Id.* (citing *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995)).

For example, in *Strickland v. Sun Country Airlines*, the plaintiff filed a timely action within the 90-day filing period after receiving notice from the EEOC of her right to sue, but the Court dismissed that action for failure to prosecute. No. 17-5072, 2018 WL 7050675, at *4 (D. Minn. Dec. 21, 2018), *report and recommendation adopted*, No. 17-5072, 2019 WL 235647 (D. Minn. Jan. 16, 2019). The plaintiff filed a second action months later based on the same charge of discrimination, but that subsequent action was untimely. *Id.* The plaintiff's previous action did not toll her statute of limitations because it was dismissed without prejudice. *Id.*

Similarly, Kahsai's first action was dismissed without prejudice for failure to prosecute. That action did not toll the statute of limitations for the present action. Therefore, because Kahsai filed this action beyond the 90-day filing requirement, Kahsai's EEOC claims are time-barred unless a tolling doctrine applies.

### III. TOLLING DOCTRINES

Kahsai argues that tolling of Title VII's 90-day filing limitation for his EEOC claims is justified by the doctrines of continuing violation, equitable estoppel, or equitable tolling. It is not.

### A. Continuing Violation

First, Kahsai argues that the continuing violation doctrine applies because the violations alleged in his Amended Complaint are "a result of a series of continued violations." (Pl.'s Mem. Opp. Def.'s Mot. Summ. J. at 9, May 9, 2023, Docket No. 104.) However, Kahsai's reliance on this doctrine is misplaced for two reasons.

First, the continuing violation doctrine does not apply to discrete acts. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002); *High v. Univ. of Minn.*, 236 F.3d 909, 909 (8th Cir. 2000) (per curiam) (refusing to apply continuing violation doctrine to discrete employment actions).

Here, Kahsai's EEOC claims arise from the two LOWs he received from his employer on July 16, 2016. The LOWs constitute discrete employment actions, not continuous violations.

Second, the purpose of the continuing violation doctrine is to enable a plaintiff to include conduct that occurred outside of the limitations period into a timely filed claim—for example, for a hostile work environment claim. *See Nat'l R.R. Passenger Corp.*, 536 U.S. at 115–18. Because Kahsai did not file such a claim, and because the continuing violation doctrine does not apply to discrete acts, the doctrine does not apply here.

### B. Equitable Estoppel

Next, Kahsai argues that equitable estoppel applies. To show equitable estoppel in a Title VII action, a plaintiff must show that he failed to file his action in a timely fashion because of a "deliberate design by the employer or of actions that the employer should

-10-

unmistakably have understood would cause the employee to delay filing his charge." *Rodriguez v. Wal-Mart Stores, Inc.*, 891 F.3d 1127, 1129 (8th Cir. 2018) (quoting *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir. 1995)).

Kahsai presents no evidence that the Postmaster General acted with a "deliberate design" or an unmistakable understanding that Kahsai would delay filing his EEOC claims. *See id.* There are no facts or evidence to suggest that the Postmaster General "lulled" or "tricked" Kahsai into not pursuing his rights. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 835 (8th Cir. 2002). Instead, the record shows that USPS implemented the Administrative Judge's decision through the NOFA, which properly informed Kahsai of his options. *See, e.g.*, *Hamilton v. West*, 30 F.3d 992, 994 (8th Cir. 1994) (finding no "unmistakable understanding" where employer notified plaintiff of his two available administrative options—filing a written grievance or filing a complaint—and he chose not to file complaint). Thus, Kahsai cannot establish equitable estoppel in this action.

### C.   Equitable Tolling

Lastly, Kahsai argues that equitable tolling applies because he is acting pro se and no prejudice would result from the delay. Equitable tolling applies when the plaintiff, "despite due diligence, can not obtain vital information about the existence of [their] claim." *Jenkins v. Mabus*, 646 F.3d 1023, 1028 (8th Cir. 2011) (citing *Dring*, 58 F.3d at 1328). The Court will not apply equitable tolling "when it is shown that the employee has 'general knowledge' of the right not to be discriminated against or the means of obtaining such knowledge." *Briley v. Carlin*, 172 F.3d 567, 570 (8th Cir. 1999) (quoting *DeBrunner v.*

*Midway Equip. Co.*, 803 F.2d 950, 952 (8th Cir. 1986)). Indeed, "[e]quitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." *Briley*, 172 F.3d at 570 (quoting *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 798 (8th Cir. 1998)).

Kahsai has presented no evidence that his delay was caused by his inability to obtain vital information bearing on his claim. In fact, his filing of his first action on August 6, 2019 indicates the opposite—that he had sufficient "general knowledge" of his rights as early as August 2019. *See Briley*, 172 F.3d at 570 (quoting *Debrunner*, 803 F.3d at 952). Furthermore, Kahsai has not alleged any facts indicating that his delay in filing this action was due to circumstances beyond his control.

While the Court must liberally construe Kahsai's pleadings, the Eighth Circuit has held that proceeding pro se does not automatically entitle a pro se plaintiff to equitable tolling. *See James v. U.S. Postal Serv.*, 835 F.2d 1265, 1267 (8th Cir. 1988); *see also Burgs*, 745 F.2d at 528 ("*[P]ro se* litigants are not excused from failing to comply with substantive and procedural law."). And even though the Postmaster General has not alleged that it was prejudiced by Kahsai's failure to comply with the statute of limitation, absence of prejudice "is not an independent basis for invoking the doctrine and sanctioning deviations from established procedures." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984). Therefore, Kahsai has not justified equitable tolling in this action.

Because neither the continuing violation, equitable estoppel, nor equitable tolling doctrines apply, Kahsai's EEOC claims are untimely, and therefore barred.

## CONCLUSION

The Court has thoroughly reviewed the record in this case, including the exhibits submitted in the parties' declarations and the parties' briefs in support or opposition to Defendant's motion for summary judgment. Because Kahsai's EEOC claims are untimely and no tolling doctrine applies, the Court will grant the Postmaster General's motion for summary judgment.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 95] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 10, 2024
at Minneapolis, Minnesota.

                                                                          JOHN R. TUNHEIM
                                                                          District Judge
                                                                    United States District Court