UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

BEREKET KAHSAI,

                Plaintiff,

v.

LOUIS DEJOY,
*U.S. Postmaster General*,

                Defendant.

Civil No. 20-1060 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS TO UNSEAL COURT DOCUMENTS**

---

Bereket Kahsai, 4037 42nd Avenue South, Minneapolis MN 55406, *pro se* Plaintiff; Heather Gilbert, **GILBERT LAW, PLLC**, 4856 Banning Avenue, St. Paul, MN 55110, for Plaintiff.

Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Plaintiff Bereket Kahsai, an employee of the United States Postal Service ("USPS"), brought this employment discrimination dispute against Postmaster General Louis Dejoy. Because the facts of this action have been comprehensively addressed in prior rulings, the Court will only address the facts relevant to the present motions. *See Kahsai v. Dejoy*, No. 20-1060, 2024 WL 112276, at *1–2 (D. Minn. Jan. 10, 2024). The Court previously dismissed some of Kahsai's claims and later granted the Postmaster General's motion for summary judgment on the remaining claims because they were untimely, and no tolling doctrine applied. *Id.* at *2, 5. Kahsai appealed the summary judgment order to the Eighth

Circuit. (Notice of Appeal to 8th Cir., Feb. 7, 2024, Docket No. 115.) He subsequently filed two motions to unseal court documents, which are now before the Court.

In his motions, Kahsai claims that the Court "has sealed some documents between the Court and Defendant including audio, video, and text files, pertaining to the performance report, personal health experimental trial, and other relevant documents, which are relevant and important to [Kahsai]." (Mot. to De-Sealed Court Docs. at 1, Feb. 7, 2024, Docket No. 120; Mot. to Unseal Court Docs. at 2, Mar. 5, 2024, Docket No. 124.) He asserts that the documents include "reports, professional and non-professional observations, as well as any expert and non-expert reports discovered or obtained and documents possessed by [USPS]." (Mot. to De-Sealed Court Docs. at 1; Mot. to Unseal Court Docs. at 2.) Kahsai requests that the Court unseal these documents so that he may use them to prepare for his case. (Mot. to De-Sealed Court Docs. at 2; Mot. to Unseal Court Docs. at 2.) He claims that the Court cannot seal these documents "unless there are unusual things present in them and has no concern with anyone." (Mot. to De-Sealed Court Docs. at 2; Mot. to Unseal Court Docs. at 2.) Kahsai argues that "sealed documents are part of the discovery process and should be accessible to the parties involved," and that he has a right to access relevant court records and documents necessary to prepare for his case. (Mot. to Unseal Court Docs. at 3–4.)[1] Additionally, he cites to three cases for

---

[1] Kahsai cites to 28 U.S.C. § 2101 in arguing that "public access to court records is a fundamental aspect of the legal system." (Mot. to Unseal Court Docs. at 3.) That statute lays out rules for appealing decisions to the Supreme Court and has no bearing on this action.

the proposition that the public and press have a constitutional right to access certain court proceedings and records, that parties are entitled to obtain information relevant to their cases, and that pro se litigants' pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers. *See Press-Enter. Co. v. Super. Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1 (1986); *Hickman v. Taylor*, 329 U.S. 495 (1947); *Haines v. Kerner*, 404 U.S. 519 (1972).

A threshold matter is whether the Court has jurisdiction to consider Kahsai's motions because Kahsai has filed an appeal to the Eighth Circuit. Generally, a notice of appeal divests the district court of jurisdiction over matters on appeal. *State ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Here, Kahsai appealed the Court's order granting the Postmaster General's motion for summary judgment to the Eighth Circuit. While that appeal is pending, the Court lacks jurisdiction to consider other aspects of the case, including Kahsai's motions to unseal court documents. As a result, the Court will deny Kahsai's motions to unseal court documents for lack of jurisdiction.

Even if the Court did have jurisdiction, however, it would still deny Kahsai's motions. The Court is unsure which sealed documents Kahsai is requesting to be unsealed, so the Court will liberally construe his request to be either: (1) a request to unseal exhibits that are sealed in the case docket; or (2) a request to compel the Postmaster General to continue with discovery. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

("A document filed pro se is to be liberally construed.") (internal quotation marks omitted). The Court will briefly address each possible request in turn.

First, exhibits pertaining to this action have been sealed, meaning that the exhibits are accessible only to counsel, the parties to the case, and the Court. (*See, e.g.*, Sealed Exhibits, Feb. 7, 2024, Docket No. 117.) Kahsai is correct that there is a common-law right to access public judicial records, but that right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). In fact, this right may be overridden where there are sufficient grounds to maintain confidentiality of the sealed documents. *Id.* at 1223. In such situations, the Court must balance the common-law right to access with competing interests served by confidentiality. *Id.* Given the sensitive, personal information contained in employment discrimination disputes, the Court restricted public access to these documents as a matter of course. And in any event, as the plaintiff in this case, Kahsai continues to have complete access to these documents on the docket. Because he is already able to use these documents to prepare for his appeal, his requests to unseal the documents are unnecessary.

Second, to the extent that Kahsai requests that the Court compel the Postmaster General to continue discovery on the merits of his claims, the Court cannot grant his request. The Court previously divided discovery in this action into two phases: the first to address whether Kahsai's claims that were not dismissed were timely, and the second

to address the merits of those claims. *Kahsai v. Dejoy*, 2024 WL 112276, at *2. After the first phase of discovery, the Court found that Kahsai's claims were untimely and granted summary judgment to the Postmaster General. *Id.* at *5. The summary judgment order was a final ruling that concluded the case. *See Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) ("An order granting a motion for summary judgment is final."). The Court cannot compel discovery after the case has concluded.

In sum, because Kahsai has appealed a final order, the Court lacks jurisdiction to rule on his subsequent motions to unseal court documents. Yet even if the Court did have jurisdiction, it would still deny the motions because Kahsai already has access to the sealed documents and because the Court will not compel the Postmaster General to continue discovery in a closed case.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to De-Sealed Court Documents [Docket No. 120] is **DENIED**; and

2. Plaintiff's Motion to Unseal Court Documents [Docket No. 124] is **DENIED**.

DATED: March 22, 2024  
at Minneapolis, Minnesota.

                                               JOHN R. TUNHEIM  
                                             United States District Judge